UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**WARREN J. SMITH,**

  *Plaintiff*,

v.                                                                              Case No. 5:22-CV-01383-JKP

**DENIS R. MCDONOUGH, SEC.
UNITED STATES DEPARTMENT OF
VETERAN AFFAIRS;**

  *Defendant.*

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Denis R. McDonough, Secretary, U.S. Department of Veteran Affairs' ("the VA") Motion for Summary Judgment. *ECF No. 26*. Plaintiff Warren J. Smith filed a Response, to which the VA filed a Reply. *ECF Nos. 27, 28, 32*.[1] After due consideration of the parties' briefings, the summary judgment evidence, and the applicable law, the Court GRANTS the VA's Motion for Summary Judgment. *ECF No. 26*.

### BACKGROUND

This case arises from Plaintiff Warren J. Smith's ("Smith") employment with the U.S. Department of Veterans Affairs in Austin, Texas, from which he resigned April 1, 2014. *See ECF No. 7 at 3*. In Smith's First Amended Complaint he asserts claims based on his color (dark), race (black), nationality (African American), age (born July 1979), disability (degenerative bone disorder), and filing two Equal Employment Opportunity Complaints. *See ECF No. 7*.

---

[1] Smith filed a Response, (*ECF No. 27*), and an Amended Response, (*ECF No. 28*). The Court considers Smith's Amended Response his operative briefing.

On September 8, 2023, the Court granted-in-part and denied-in-part the VA's Motion to Dismiss. *See ECF Nos. 9, 16*. As a result, Smith's Title VII disparate treatment, Title VII retaliation, Title VII hostile work environment, and Title VII retaliatory hostile work environment causes of action only proceed. *ECF No. 16 at 8–18*.

## LEGAL STANDARD

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[2] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the non-

---

[2] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

movant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994). To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., LLC v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586–87; *see also* Fed. R. Civ. P. 56(a). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, then the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence

3

and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citations omitted).

## ANALYSIS

As a threshold matter, the arguments in Smith's Response, (*ECF No. 28*), to the VA's Motion for Summary Judgment, (*ECF No. 26*), are difficult to follow because Smith merely recounts facts that have no obvious legal significance without explaining why they support his arguments. In opposing summary judgment, Smith must not only "identify specific evidence in the record," but also "articulate the precise manner in which that evidence supports [his] position." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (internal citations omitted).

In his Response, however, Smith assembles a kitchen-sink approach stating "[t]o address the Defendant[']s assertions, the plaintiff offers in bulk form the administrative record, all of the pleadings in this case, specifically noted as used, and all of the discovery in this case." *ECF No. 28 at 1–2*. Smith does not separately address, or provide separate argument for, his four remaining causes of action. Instead, Smith summarizes his argument as follows: "summary judgment has not been met by the Defendant because the entire record establishes a genuine fact issue as who was right - Mr. Smith or the [V]A." *Id. at 7*.

To the extent Smith identifies specific evidence, the Court will consider it. Still, Smith does not proceed *pro se*. Therefore, no liberal construction of Smith's Response is warranted because Smith is represented by counsel before the Court. *E.g.*, *Chay v. Holder*, 470 F. App'x 406, 407 (5th Cir. 2012); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

The Court also notes Smith's Response provides no authority in support of his arguments.

With the foregoing in mind, the Court proceeds with its analysis.

## I. Title VII Disparate Treatment

"Disparate-treatment discrimination addresses employment actions that treat an employee worse than others based on the employee's race, color, religion, sex, or national origin. In such disparate-treatment cases, proof and finding of discriminatory motive is required." *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019) (citing *Pacheco v. Mineta*, 448 F.3d 783, 787 (5th Cir. 2006)). "A plaintiff can prove discriminatory motive through either direct or circumstantial evidence." *Id*. (citing *Portis v. First Nat'l Bank of New Albany, Miss.*, 34 F.3d 325, 328 (5th Cir. 1994)). "When a plaintiff builds a case on circumstantial evidence, a court analyzes the plaintiff's claim under the *McDonnell Douglas* framework." *Id*. (citing *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)). "Under this framework, the plaintiff must first create a presumption of discrimination by making out a *prima facie* case of discrimination." *Id*.

If the plaintiff succeeds in establishing their *prima facie* case, the burden then shifts to the defendant to proffer a legitimate, nondiscriminatory reason. *Watkins v. Tregre*, 997 F.3d 275, 282 (5th Cir. 2021). This is a burden of production, not persuasion. *Watkins*, 997 F.3d at 282. If the defendant meets their burden, once more the burden shifts back to the plaintiff to produce substantial evidence that defendant's reason is pretextual. *Id*. at 283.

Evidence is substantial if reasonable people could come to different conclusions. *Id*. "Pretext may be established through evidence of disparate treatment or by showing the employer's explanation to be false or 'unworthy of credence'—that is 'not the real reason for the adverse employment action.'" *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 368 (5th Cir. 2021) (quoting *Watkins*, 997 F.3d at 283).

To establish a *prima facie* case of disparate treatment, a plaintiff must demonstrate:

5

> (1) he is a member of a protected class; (2) he was qualified for his position; (3) he was subject to an adverse employment action; and (4) others similarly situated were treated more favorably.

*Moye v. Tregre*, No. 22-30341, 2024 WL 65424 at *2 (5th Cir. Jan. 5, 2024) (citing *Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 216 (5th Cir. 2016)). The third and fourth elements are the only elements the VA disputes. *ECF No. 26 at 12–24*.[3]

As to the fourth element, Smith must show others similarly situated were treated more favorably under "nearly identical circumstances." *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009). In evaluating whether an alleged comparator is similarly situated,

> [t]he employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories. And, critically, the plaintiff's conduct that drew the adverse employment decision must have been "nearly identical" to that of the proffered comparator who allegedly drew dissimilar employment decisions. If the "difference between the plaintiff's conduct and that of those alleged to be similarly situated accounts for the difference in treatment received from the employer," the employees are not similarly situated for the purposes of an employment discrimination analysis.

*Id*. While Smith does not address the necessary elements comprising this cause of action, in reviewing Smith's Response the Court finds the following statements applicable regarding the fourth element:

> 16. Mr. Smith goes on further in Exhibit C and D, numbers 12-14 to specifically address his resignation, constructive discharge, **comparators, specifically Catherine Dominguez**, work environment, examples of adverse employment decisions regarding training, promotion, job duties, and retaliation.
>
> 19[.] The plaintiff would be a party of "one "but other Black males such as Bobby Thomas were fired or demoted like Kevin Hart. **It is important to note that Sylvia Thomas, Omar Erickson, and Catherine Dominguez serve as comparable**

---

[3] As to the third element, Smith does not identify with specificity any adverse employment action in his Response. *See ECF No. 28*. However, because the Fifth Circuit "has yet to conclude definitively whether revocation of telecommuting privileges constitutes an adverse employment action," the Court assumes Smith successfully proves this element. *Price v. Wheeler*, 834 F.App'x 849, 856 (5th Cir. 2020). The Court therefore declines to analyze the merits of the VA's argument regarding the third element as it is unnecessary for this analysis.

> **comparators for the Plaintiff's claims**, although there are some arguable differences, (especially regarding titles and duties which overlapped in Mr. Smith's job) he was as a whole, unique in his role and unit at the VA. See Exhibit A, page 186, line 6 through page 187, line 6.

*ECF No. 28 at 5–6* (emphasis added). Smith therefore identifies Sylvia Thomas ("Thomas"), Omar Erickson ("Erickson"), and Catherine Dominguez ("Dominguez") as comparators in his Response.

As the VA correctly notes Thomas, Erikson, and Dominguez are not proper comparators. Smith points the Court to Plaintiff's Exhibit A (Smith's Deposition), Plaintiff's Exhibit C (Plaintiff's Supplemental Response to Defendant's First Interrogatories), and Plaintiff's Exhibit D (Plaintiff's Resignation Letter). *ECF Nos. 28-1, 28-3, 28-4*. Smith's Deposition reveals, however, he testified: (1) he "could not say" whether Thomas held the same job he did, contract specialist, at the time of the events in question; (2) he did not think Erickson ever held the contract specialist job; and (3) Dominguez "was in procurement, not as a contract specialist yet." *See ECF No. 7 at 3; ECF No. 28-1 at 154:10–154:12; 185:09–185:10; 185:21–185:25*. When asked directly "[a]re you aware of any contracting specialists of any race within your unit who were permitted to continue teleworking even though they had a performance appraisal of less than fully successful?" Smith further testified "I have no knowledge about other contract specialists being on telework, and I have no knowledge of any contract specialists receiving disciplinary actions." *ECF No. 28-1 at 183:22–184:5*. Smith does not otherwise present evidence Thomas, Erickson, and Dominguez engaged in "nearly identical" conduct. *Lee*, 574 F.3d at 260. In particular, he does not show "that any of them shared [his] history of on-the-job violations." *Outley*, 840 F.3d at 218. Accordingly, the record evidence Smith points the Court to demonstrates Thomas, Erickson, and Dominguez were not similarly situated.

The Court therefore concludes Smith fails to submit competent summary judgment evidence to establish a *prima facie* case of disparate treatment. *Id*.

Even if it were assumed Smith met his burden to establish a *prima facie* case of disparate treatment, the VA produces a nondiscriminatory reason for why the VA removed Smith from the telework program. Specifically, the VA provides documentation demonstrating the VA removed Smith "because he had failed to demonstrate an overall acceptable performance level following [a] September 2012 written Performance Counseling and [being placed on] a Performance Improvement Plan [in] February 2013." *ECF No. 26 at 22–23* (citing *ECF Nos. 26-4, 26-6, 26-7, 26-8, 26-9, 26-10, 26-11*).

To show the employer's proffered reasons are pretextual, the plaintiff must create a genuine issue of material fact by offering sufficient evidence that either the defendant's reason is just a pretext for discrimination, meaning that the reason itself isn't even true, or (even if true) the plaintiff's "protected characteristic" is still "another motivating factor." *Rachid v. Jack in the Box, Inc*, 376 F3d 305, 312 (5th Cir 2004), abrogated on other grounds by *Gross v. FBL Financial Services, Inc*, 557 US 167 (2009) (cleaned up).

Smith does not address the *McDonnell Douglas* framework, but in reviewing Smith's Response the Court finds the following statement applicable here:

> 22. **In the summary judgment record (all of Defendants and Plaintiff's exhibits**, (A-Warren Smith Deposition, B-Response to Interrogatories, C-Supplemental Responses to Interrogatories, D-Response to Question 14 of the interrogatories, E-Response to Request for Production, F-Supplemental Response to Request for Production, G-Report of Investigation) **a genuine fact issue exists whether the Plaintiff's performance and the Defendant alleged responses (telework termination and other conduct) were/are pretext or warranted**.

*ECF No. 28 at 7* (emphasis added). As stated, however, in opposing summary judgment, Smith must not only "identify specific evidence in the record," but also "articulate the precise manner

in which that evidence supports [his] position." *Willis*, 749 F.3d at 317 (internal citations omitted). Smith does not do so here. This statement mentions pretext, but Smith "[does] not identify the specific portions of such evidence" that supports his disparate treatment cause of action. *E.g.*, *Forsyth*, 19 F.3d at 1537 (stating the appellants did not identify the *specific portions* of the summary judgment evidence to support their claim when they "offered only vague, conclusory assertions that their 'evidentiary materials'" supported their claim and raised a genuine issue of fact); *Smith ex rel. Est. of Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004).

Simply put, Smith does not produce sufficient evidence to create a factual issue that the VA's nondiscriminatory reason for removing Smith from the telework program "and other conduct" was merely a pretext. *ECF No. 28 at 7*; *Watkins*, 997 F.3d at 282 (explaining one of the essential elements of disparate treatment is that a similarly situated employee outside of the plaintiff's protected group was treated more favorably).

The VA's Motion for Summary Judgment will thus be granted against Smith's disparate treatment cause of action.

## II. Title VII Retaliation

"Title VII's antiretaliation provision forbids employer actions that discriminate against an employee (or job applicant) because he [or she] has opposed a practice that Title VII forbids or has made a charge, testified, assisted, or participated in a Title VII investigation, proceeding, or hearing." *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 999 (5th Cir. 2022).

"Retaliation claims are likewise subject to the *McDonnell Douglas* burden-shifting framework" if the plaintiff attempts to prove retaliation by circumstantial evidence. *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 826 (5th Cir. 2022). Thus, "if the plaintiff makes a *prima facie* case, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory or

nonretaliatory reason for its employment action." *Newbury v. City of Windcrest, Texas*, 991 F.3d 672, 678 (5th Cir. 2021). If the employer does so, "the burden shifts back to the plaintiff to prove that the proffered reason is pretext for the discriminatory or retaliatory purpose." *Newbury*, 991 F.3d at 678. "Again, the burden of persuasion remains with the employee throughout." *Saketkoo*, 31 F.4th at 1000.

> There are three elements to a *prima facie* case of retaliation under Title VII:
>
> (1) that the plaintiff engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action.

*Anthony v. Donahoe*, 460 F. App'x 399, 404 (5th Cir. 2012). "The mere fact that some adverse action is taken after an employee engages in some protected activity will not always be enough for a *prima facie* case." *Owens*, 33 F.4th at 835. "Nevertheless, close timing between the protected activity and adverse action can establish the causal link required to assert a *prima facie* case." *Owens*, 33 F.4th at 835.

Again, while Smith does not address the necessary elements comprising this cause of action, in reviewing Smith's Response the Court finds the following statements applicable as to the fourth element:

> 16. Mr. Smith goes on further in Exhibit C and D, numbers 12-14 to specifically address his resignation, constructive discharge, comparators, specifically Catherine Dominguez, work environment, examples of adverse employment decisions regarding training, promotion , job duties, and **retaliation**.
>
> 20. Mr. Smith resigned within the backdrop of constructive discharge. Believing that hoping for a change in his work conditions would improve, but they did not, they became unbearable to him, and they escalated with more and more criticism, humiliation, and **retaliation**. See Exhibit A, page 187, line 7 through .page 197, line 7, and page 191, line 1 through page 194, line 13.

*ECF No. 28 at 5 and 7* (emphasis added).

10

As the VA correctly notes Smith's *prima facie* case of retaliation must fail because Smith does not "offer evidence sufficient to raise a genuine issue regarding the causation element of a retaliation claim." *ECF No. 26 at 26*. Smith points the Court to Plaintiff's Exhibit A (Smith's Deposition), Plaintiff's Exhibit C (Plaintiff's Supplemental Response to Defendant's First Interrogatories), and Plaintiff's Exhibit D (Plaintiff's Resignation Letter). *ECF Nos. 28-1, 28-3, 28-4*. Smith's deposition reveals, however, Smith resigned from the VA April 1, 2014. While his resignation is subsequent to his filing Equal Employment Opportunity Complaints on October 26, 2012, and November 15, 2012, Smith does not articulate a causal link between the two events.[4] Even if Smith relies on temporal proximity, the Court notes the period of time between the two events is, at a minimum, a year and a half. Smith similarly does not demonstrate a causal link in the portion of Plaintiff's Exhibit C and Plaintiff's Exhibit D. The Court therefore concludes Smith fails to submit competent summary judgment evidence to establish a *prima facie* case of retaliation. *Id*.

The VA's Motion for Summary Judgment will thus also be granted against Smith's retaliation cause of action.

### III. Title VII Hostile Work Environment and Retaliatory Hostile Work Environment

To establish a *prima facie* hostile work environment cause of action under Title VII, a plaintiff must show (1) they belong to a protected class; (2) they were subject to unwelcome harassment; (3) the harassment was based on the protected class; (4) the harassment affected a "term, condition, or privilege" of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action." *Shepherd v. Comptroller of Pub. Accounts*, 168 F.3d 871, 873 (5th Cir. 1999).

---

[4] As to the second element, Smith does not identify with specificity any adverse employment action in his Response. *See ECF No. 28*. The Court therefore declines to analyze the merits of the VA's argument regarding the second element as it is unnecessary for this analysis.

The elements of a Title VII retaliatory hostile work environment cause of action[5] are a hybrid of the elements necessary to establish retaliation and hostile work environment. Under this hybrid test, the plaintiff must show: (1) they engaged in protected conduct, (2) they experienced unwelcome harassment, and (3) there was a causal link between the harassment and the protected activity. *Tejada v. Travis Assoc. for Blind*, No. A-12-CV-997, 2014 WL 2881450, at *3.

The VA argues these causes of action fail as a matter of law. *ECF No. 26 at 24*. While Smith nowhere defends these causes of action, in reviewing Smith's Response the Court finds the following statements applicable:

> 13. Plaintiff worked as a Contract Specialist, GS-1102-12, at the VA's Technology Acquisitions Center, Office of Acquisition Operations ("OAO") in Austin, Texas. After the court's ruling in this case regarding the VA's Motion to Dismiss the Plaintiff's claims, the Plaintiff was allowed to proceed with four claim(s). Those claims are Title VII disparate treatment, Title VII retaliation, **Title VII hostile work environment**, and **Titl[e] VII retaliatory hostile work environment**.
>
> 21.[] Defendant, Veterans Administration, engaged in discriminatory behavior towards the plaintiff, based upon his race, color, age, disability, and national origin by creating a **hostile work environment**, retaliating against him, treating him differently than others affecting/effecting his job.

*ECF No. 28 at 4 and 7* (emphasis added).

"When a plaintiff fails to defend a claim in response to a motion to dismiss or summary judgment motion, the claim is deemed abandoned." *Arias v. Wells Fargo Bank, NA*, 2019 WL 2770160, *2 (N.D. Tex.) (citing *Hargrave v. Fibreboard Corp*, 710 F2d 1154, 1164 (5th Cir 1983)). Therefore, Smith's Title VII hostile work environment and retaliatory hostile work envi-

---

[5] While the Fifth Circuit does not currently recognize a cause of action for "retaliatory hostile work environment," twelve circuits do, and the Fifth Circuit does not expressly reject the viability of such a cause of action. *Montgomery-Smith v. George*, 810 Fed.App'x. 252, 258 (5th Cir. 2020) (unreported opinion). In its September 8, 2024, Memorandum Opinion and Order, (*ECF No. 16*), the Court, therefore, assumed Smith may pursue a retaliatory hostile work environment cause of action until the Fifth Circuit determines specifically the issue whether such a cause of action exists.

ronment causes of action will be dismissed as abandoned.

The VA's Motion for Summary Judgment will thus also be granted against Smith's hostile work environment and retaliatory hostile work environment cause of action.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the VA's Motion for Summary Judgment. *ECF No. 26*. Consequently, the Clerk of Court is directed to close this case.

The Court will issue a Final Judgment separately.

It is so ORDERED.
SIGNED this 23rd day of April, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE